UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A.A.G., | No. 1:26-cv-03005-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, | |
| Respondent. | |

Before the Court is Petitioner Miguel A.A.G's [1] ("Petitioner") petition for

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION * 1

writ of habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his civil detention and seeks immediate release. In opposition, Respondent contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 7. The Court disagrees. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Petitioner entered the United States in on February 5, 2023. He was apprehended the same day by United States Border Patrol agents. He was served with a Notice to Appear and Form I-862 charging him with a violation of Section 212 of the Immigration and Nationality Act. He was released from custody on February 10, 2023, on his own recognizance.[2]

On March 30, 2026, Petitioner reported to the California Regional Field Office pursuant to the terms of his release order. He was interviewed on site. During the interview, he informed officers that he was arrested in September 2025 by the Hayward Police Department for lewd and lascivious acts with a child under

---

[2] The date set for Petitioner's removal proceedings was not included with Petitioner's file. Given that the record does not contain any order of removal, the Court assumes that the date set for removal proceedings had yet to commence at the time of Petitioner's arrest.

ORDER GRANTING HABEAS PETITION * 2

the age of 14 and procuring prostitution. No charges were brought against him.

DHS subsequently issued a warrant for Petitioner's arrest. The warrant states that it is based upon the pendency of ongoing removal proceedings and upon "statements made voluntarily" by Petitioner. He is now being held at the Golden State Annex Detention Center.

## LEGAL STANDARD

*Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

*Fifth Amendment Due Process Clause*

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const.

ORDER GRANTING HABEAS PETITION * 3

amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

a. *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032

ORDER GRANTING HABEAS PETITION * 4

(N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Although Respondent alleges to have arrested Petitioner based upon violations of his release, the record is silent as to such violations. Although Petitioner was interviewed by police regarding a possible crime, no charges were filed. There therefore appears to be no lawful basis for his continued detention. Accordingly, Court finds Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. That liberty interest is further compromised by his diagnosis of tuberculosis and lack of access to medical care. Accordingly, this factor weighs in

ORDER GRANTING HABEAS PETITION * 5

favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk. To the contrary, Petitioner has no criminal history and appears to have complied with his release conditions, notwithstanding his questioning by law enforcement noted above. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963,

ORDER GRANTING HABEAS PETITION * 6

970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

All four *Mathews* factors weigh in favor of Petitioner. The Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker before his detention but received neither. Respondent fails to substantively rebut Petitioner's due process claim and do not provide any specific justification for detaining Petitioner without hearing. On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Perera v. Jennings*, 599 F.Supp. 3d 736, 744 (N.D. Cal. 2022).

Accordingly, IT IS HEREBY ORDERED:

1.      Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

**2.**      Petitioner's Motion to Appoint Counsel, **ECF No. 3**, is **DENIED AS MOOT.**

3.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an

ORDER GRANTING HABEAS PETITION * 7

individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

4.     The Clerk of Court is directed to enter judgment for Petitioner and close the file.

**IT IS SO ORDERED.**

DATED April 28, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION * 8